NONPRECEDENTIAL
DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 10, 2010[*]
Decided March 11, 2010

**Before**

WILLIAM J. BAUER, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

---

[*]After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2).

No. 09-2117

ROY SUDDUTH,                          Appeal from the
       *Plaintiff-Appellant,*         United States District
                                      Court for the Northern
       *v.*                           District of Illinois,
                                      Eastern Division.

CHRISTOPHER J.
DONNELLY,                             No. 08-CV-4227
in his official capacity,
et al.,
       *Defendants-Appellees.*        Virginia M. Kendall,
                                      *Judge.*


**O R D E R**


Roy Sudduth, an African-American resident of Washington, D.C., who suffers from diabetes and a visual impairment, claims to be the victim of a far-reaching conspiracy between Illinois prosecutors, Cook County judges, the city of Markham, Stephen Brudd, eBay, and eBay's corporate officers to discriminate against him and deny him access to the courts. These actions, according to

Sudduth, violated the Equal Protection Clause of the Fourteenth Amendment, Title VI of the Civil Rights Act, 42 U.S.C. § 2000d, Title II of the Americans with Disabilities Act, 42 U.S.C. § 12131(A), (B), and § 504 of the Rehabilitation Act, 29 U.S.C. § 794. Brudd alone answered Sudduth's complaint; the others moved to dismiss for failure to state a claim. *See* FED. R. CIV. P. 12(b)(6). The district court granted their motion and sua sponte dismissed the claims against Brudd as well.

For our review we assume the truth of Sudduth's allegations, but only to the extent that they are plausible. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Sudduth won an online auction for a phone card on eBay and paid Brudd, the seller. But Brudd never sent him the card. Sudduth filed several written grievances with eBay and its officers, but they did nothing. He had more luck with police in Park Forest, Illinois, who arrested Brudd after Sudduth filed a criminal complaint. The Circuit Court of Cook County then scheduled Brudd's hearing on unspecified charges for May 1, 2008, at a courthouse located in Markham, Illinois.

At some point before the hearing, Sudduth told the Park Forest Police Department and the State's Attorney's

Office that he was disabled and needed "ample enough time" to make his way from Washington, D.C., to Illinois for Brudd's hearing. Sudduth got no response. He alleges that his impaired vision prevented him not only from driving to Illinois, but also from flying. He bought a train ticket, however, and left the District of Columbia for his cross-country travel late in the day before the hearing.

Unfortunately, Sudduth's train fell behind schedule. So during the morning of Brudd's hearing, Sudduth called Assistant State's Attorney Farah Brass and said he would be late. But the court held Brudd's hearing at the scheduled time and dismissed the charges. Sudduth wrote letters to the State's Attorney's Office and Chief Judge Timothy C. Evans of the Circuit Court of Cook County regarding what he characterized as the wrongful dismissal of Brudd's charges. The court held another hearing in July and confirmed that the charges against Brudd would not be reinstated.

Sudduth then sued all the defendants for discrimination on the basis of race and disability. His theory, as we understand it, is that the defendants conspired to deprive him of access to the courts and failed to reasonably accommodate him.

On appeal Sudduth argues that his allegations supported the relief he sought. We disagree, principally because of two fatal weaknesses in his complaint. First, Sudduth never alleged facts to support a plausible inference that any of the defendants knew his race or maintained a policy that intentionally discriminated against any racial group. Title VI of the Civil Rights Act protects only against intentional discrimination, so Sudduth's claims under that statute are meritless. *See Alexander v. Sandoval*, 532 U.S. 275, 281 (2001); *Brewer v. Bd. of Trs. of Univ. of Ill.*, 479 F.3d 908, 921 (7th Cir. 2007). And absent intentional discrimination or a similarly situated person of another race who was treated differently, Sudduth could not prevail on his equal-protection theory either.

Second, according to Sudduth's own allegations, his disabilities did not cause him to miss Brudd's hearing; rather, his choice in travel schedule did. He alleges that his visual impairment forced him to take a train, but he also tells us that he picked the last possible train to travel across the country. In so doing he created the risk of tardiness that materialized when that train arrived late. This dooms his discrimination claim because Sudduth faced the same risk of lateness as any member of the

public who is not disabled but schedules travel close to a time-sensitive event. *See Wisc. Cmty. Servs., Inc. v. City of Milwaukee*, 465 F.3d 737, 754 (7th Cir. 2006). Likewise, his failure-to-accommodate claim also fails because he seeks an accommodation, not for his impairment, but for the uncertainties of long-distance ground travel.

Finally, Sudduth argues that the district court erred by not allowing him to amend his complaint. Yet Sudduth's automatic entitlement to amend ended when Brudd filed his answer. *See* FED. R. CIV. P. 15(a)(1)(A). And although the district court could have granted a request to amend anyway, a court need not do so if amendment would be futile. *Johnson v. Dossey*, 515 F.3d 778, 780 (7th Cir. 2008). Sudduth never explained what he would add that could entitle him to relief, so there would have been no point in letting him amend.

Accordingly, the judgment is **AFFIRMED**.